UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS RAJ, | 1:11-CV-01165 GSA HC |
|         Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
|   v. | |
| MICHAEL L. BENOV, Warden, | |
|         Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**PROCEDURAL BACKGROUND**[1]

Petitioner is currently in the custody of the United States Bureau of Prisons at the Taft Correctional Institution located in Taft, California. He filed the instant petition on July 15, 2011, challenging a disciplinary hearing held on June 17, 2010, in which he was found guilty of possession, manufacture or introduction of a gun, firearm, weapon, sharpened instrument, knife, dangerous chemical, explosive or ammunition, for the specific act of possessing a razor blade. Petitioner claims there is no evidence to support the charge because a razor blade does not fall within the definition of the offense.

---

[1] This information is derived from the petition for writ of habeas corpus and attached exhibits.

**DISCUSSION**

I.  Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

II. Jurisdiction

Relief by way of a petition for writ of habeas corpus under 28 U.S.C. § 2241 extends to a person in federal custody if the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. Petitioner was in custody at the Taft Correctional Institution in Taft, California, which is located within the jurisdiction of this Court, at the time the petition was filed; therefore, this Court is the proper venue. 28 U.S.C. § 2241(d). If a constitutional violation has resulted in the loss of time credits, such violation affects the duration of a sentence, and the violation may be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990). In this case, Petitioner was assessed a loss of good time credits.  Therefore, this Court has subject matter jurisdiction.

III.  Standard of Review

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974).  Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings.  Id. at 556.  Thus, a prisoner's

due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), citing Superintendent, etc. v. Hill, 472 U.S. 445, 454-455 (1984).

When a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455, citing United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927) .

In this case, Petitioner does not allege a violation of his procedural due process rights. Rather, he challenges the guilty finding on the basis that there is no evidence to support it. He argues that a razor blade he removed from a disposable razor and concealed behind a mirror does not constitute a "sharpened instrument" within the meaning of 28 C.F.R. § 541.3, Table 1, Sec. 104. This contention is without merit, if not frivolous. The term "sharpened instrument" is not defined by statute; therefore, the Court assumes it carries its ordinary meaning. See Burns v. Alcala, 420 U.S. 575, 580-581 (1975) ("Unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning."). A razor blade is a piece of metal sharpened to a keen edge. It defies common sense to deny that a razor blade is a sharpened instrument. A razor blade also fits the definition of a knife since a knife is commonly defined as a sharp cutting blade or tool. *Knife Definition*, Merriam-Webster, http://www.merriam-webster.com/dictionary/knife (last visited August 10, 2011). A razor blade can also be considered a weapon, as a weapon is commonly defined as something used to injure. *Weapon Definition*, Merriam-Webster, http://www.merriam-webster.com/dictionary/weapon (last visited August 10, 2011). In prison, it is common knowledge that razor blades are often used by inmates to injure or maim others. In sum, Petitioner fails to show that some evidence did not support the guilty finding. The petition is without merit on its face and should be denied.

**RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED that the petition for a writ of habeas corpus be DENIED. It is FURTHER RECOMMENDED that the Clerk of Court be DIRECTED to enter judgment.

This Findings and Recommendation is submitted to the assigned District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after date of service of the Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Any reply to the objections shall be served and filed within fourteen (14) days after date of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 11, 2011               /s/ Gary S. Austin
                                       UNITED STATES MAGISTRATE JUDGE